Filed 10/28/20  P. v. Thompson CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>DONNELLY L. THOMPSON,<br><br>          Defendant and Appellant. | A159072<br><br>(Contra Costa County<br>Super. Ct. No. 51006915) |

Defendant Donnelly Thompson was charged with murder and pleaded no contest to the lesser included offense of voluntary manslaughter as part of a plea agreement.  He later petitioned for resentencing under Senate Bill No. 1437, which made certain changes to the felony murder rule and the natural and probable consequences doctrine.  The trial court denied Thompson's petition, concluding that he is not eligible for relief under Senate Bill No. 1437 because he was not convicted of murder.  We affirm.

**BACKGROUND**

The trial court summarized the factual background of this appeal as follows:

"The evidence adduced at the preliminary hearing for both defendants tended to show that [Thompson] and co-defendant [Brett L.] Richardson were involved in two separate robbery attempts on [July 14, 2009] in Pittsburg—the first at an Autozone store and the second at a barbershop.  During the

1

second incident at the barbershop, [Thompson] entered the shop with a semi-automatic handgun. A struggle ensued for the gun between [Thompson] and two men inside the barbershop. During the struggle the gun was discharged. Thereafter, [Thompson] fled back to the car where Richardson was waiting for him. When the two men involved in the struggle with [Thompson] followed [him] out of the barbershop, they heard and partially saw gunshots being fired in their direction from [the] area of the car to which [Thompson] had fled. Those gunshots resulted in the homicide victim, Eric Pree Jr., an innocent bystander, being shot and killed."

On June 18, 2010, the Contra Costa County District Attorney's Office filed an information charging Thompson and Richardson with Pree's murder (Pen. Code, § 187)[1] (count 1) and with five counts of attempted robbery (§§ 664, 211) (counts 3–7). The information also alleged that Thompson personally used a firearm (§ 12022.53, subd. (b)), had one serious prior felony conviction (§ 667, subd. (a)), and had one previous strike (§§ 667, subds. (b)-(i), 1170.12).

On June 8, 2012, the information was amended to include a charge of voluntary manslaughter (§ 192, subd. (a)) (count 8). That same day, Thompson entered into a plea agreement whereby he pleaded no contest to voluntary manslaughter and admitted the firearm enhancement, strike, and serious felony allegations, in exchange for a sentence of 14 years.[2] On July 6, the trial court sentenced to Thompson to 14 years in prison—three years on count 8, doubled because of his previous strike, plus five years for the prior

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Richardson ultimately went to trial and was convicted of first-degree murder. In December of 2013, we affirmed his conviction. (*People v. Richardson* (Dec. 30, 2013, A135298) [nonpub. opn.].)

felony conviction (§ 667, subd. (a)) and three years for the firearm enhancement (§ 12022.5, subd. (a)). The remaining charges were dismissed.

In 2018, Senate Bill No. 1437 was signed into law. " 'Senate Bill [No.] 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Substantively, Senate Bill [No.] 1437 accomplishes this by amending section 188, which defines malice, and section 189, which defines the degrees of murder, and as now amended, addresses felony murder liability. Senate Bill [No.] 1437 also adds . . . section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).)' " (*People v. Anthony* (2019) 32 Cal.App.5th 1102, 1148, quoting *People v. Martinez* (2019) 31 Cal.App.5th 719, 723–724.)

On June 24, 2019, Thompson filed a petition for resentencing under section 1170.95, and requested that counsel be appointed to represent him. The trial court appointed counsel, and the parties filed briefs.

In a five-page written order, the trial court denied Thompson's petition, concluding that he was not eligible for resentencing under section 1170.95 because he was not convicted of murder.

Thompson appeals.

## DISCUSSION

Thompson's only argument on appeal is that the trial court erred in concluding that he is not eligible for relief under section 1170.95 because he was not convicted of murder—a question of law that we review de novo. (See *People v. Turner* (2020) 45 Cal.App.5th 428, 435.)

Section 1170.95, subdivision (a) provides:

"A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

As the trial court aptly observed: "By its plain language, these statutory provisions apply only to those persons who have been convicted of murder under a felony murder theory of liability or a natural and probable consequences theory of liability. Furthermore, the second of the three 'conditions' which must apply to a petition to recall is that the petitioner be convicted of first or second degree murder following a trial or the entry of a plea agreement in lieu of trial. As if those provisions were not sufficiently

4

clear, the introductory paragraph of subsection (a) plainly states that the petition to be filed would request that the murder conviction be 'vacated.' Vacating the 'murder conviction' and resentencing on the 'remaining counts' is the only remedy authorized by the statute. The statute makes no reference to the modification to or a dismissal of a conviction for any other offense."

Thompson concedes that the statute "appear[s] to apply only to murder convictions" and "does not mention voluntary manslaughter convictions explicitly." However, he argues that the legislative intent behind Senate Bill No. 1437 was that it apply in cases of voluntary manslaughter, relying extensively on the legislative finding that "[t]here is a need for statutory changes to more equitably sentence offenders in accordance with their involvement in *homicides*." (Stats. 2018, ch. 1015, § 1, subd. (b), emphasis added.)

We need not address these arguments in detail, because approximately a month before Thompson's opening brief was filed, we extensively considered and rejected them in *People v. Paige* (2020) 51 Cal.App.5th 194, 200–204 (*Paige*)—a case that, for reasons that are unclear, neither party has cited in their briefing. In *Paige*, the defendant was, as here, charged with murder but pleaded guilty to voluntary manslaughter as part of a plea agreement, and sought resentencing pursuant to section 1170.95 after the passage of Senate Bill No. 1437. (*Paige*, at pp. 198–199.) We concluded that the plain text of section 1170.95 is unambiguous and applies only to murder convictions. (*Paige*, at pp. 201–202.) We "reject[ed] Paige's argument based on a snippet of language from the uncodified section of Senate Bill No. 1437 stating the purpose of the bill is to more equitably sentence offenders 'in accordance with their involvement in *homicides*' (Stats. 2018, ch. 1015, § 1, subd. (b), italics added), that the statute extends beyond murder." (*Id.* at pp. 202–203.) And

5

we concluded: "In short, we agree with our colleagues in the Second, Fourth and Fifth Districts holding that defendants charged with felony murder but convicted of voluntary manslaughter pursuant to a plea agreement are not eligible for relief under section 1170.95." (*Id*. at p. 204; see *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 ["The plain language of [section 1170.95] is explicit; its scope is limited to murder convictions"]; *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917–920; *People v. Turner*, *supra*, 45 Cal.App.5th at pp. 435–436; *People v. Flores* (2020) 44 Cal.App.5th 985, 992–997.) Our decision in *Paige* is dispositive of Thompson's appeal.

## DISPOSITION

The order is affirmed.

_____
Richman, J.

We concur:


_____
Kline, P.J.


_____
Miller, J.

*People v. Thompson* (A159072)